Sharon Cousineau
700 West Evergreen Boulevard
Vancouver, WA 98660
Phone: (360) 750-3789
Fax: (360) 750-3788
E-mail: sdcousineau@gmail.com
*Attorneys for Plaintiff*
*Tiffany Hopkins*

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| TIFFANY HOPKINS,<br><br>    Plaintiff,<br><br>v.<br><br>GENESIS FS CARD SERVICES, INC.,<br><br>    Defendant. | Case No. 3:19-cv-157<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. OR. REV. STAT. 646.639 *et seq.*.; and<br>3. Intrusion Upon Seclusion |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tiffany Hopkins ("Plaintiff"), by and through her attorneys, alleges the following against Genesis FS Card Services, Inc. ("Defendant"):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Oregon Fair Debt Collection Practices Act ("OFDCPA"), ORS § 646.639 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the Oregon City, Clackamas County, Oregon.

7. Defendant is a banking institution and often issues credit cards to consumers. Its principal place of business is located at 15220 NW Greenbrier Parkway, Beaverton, Oregon 97006.

8. Defendant is also one who enforces or attempts to enforce an obligation that is owed or due to any commercial creditor, by a consumer as a result of a consumer transaction. Thus, Defendant is a "debt collector" as defined by the OFDCPA, OR. REV. STAT. § 646.639(g).

- 2 -

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect on one or more alleged debts.

11. Plaintiff is a stay at home mother who lost her job a couple of years ago when pregnant with her second child. Since then she has had to take care of her children full time–one of which has a mental disability–and has struggled financially.

12. Upon information and belief, Defendant was informed of Plaintiff's financial hardship.

13. In or around July 2018, Defendant began calling Plaintiff on her cellular phone number ending in 5338.

14. Defendant or its agents called Plaintiff from the following numbers: (214) 484-0257; (708) 667-5715; (800) 551-0646; (800) 551-1952; (800) 551-2194; and (866) 453-2636.

15. Upon information and belief, Defendant and or its agents own and operate the phone numbers.

16. On or about July 25, 2018, at 10:50 a.m., Plaintiff received a phone call from (708) 667-5715 and spoke with a representative named Jim.

17. During the call Plaintiff explained that she was going through a financial hardship and did not have any money to make a payment at the time. She also unequivocally revoked consent to be contacted any further.

18. Despite revoking consent Plaintiff continued to receive phone calls from Defendant.

19. On or about August 8, 2018, at 1:46 p.m., Plaintiff received a call from (816) 420-4632 and spoke with a representative named Cade. Plaintiff once again unequivocally revoked consent to be contacted on her cell phone any further.

20. Despite her second request, she continued to receive calls from Defendant.

21. Between July 25, 2018 and October 4, 2018, Defendant willfully called Plaintiff's cell phone approximately sixty-five (65) times to annoy and harass Plaintiff in the hopes that it could induce her to pay the debt.

22. Plaintiff would often receive multiple calls a day from Defendant, indicating the use of an automatic telephone dialing system.

23. For example, on August 30, 2018, Defendant called Plaintiff three times.

24. Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, further indicating the use of an automatic telephone dialing system.

25. Upon information and belief, Defendant also left multiple pre-recorded or artificial voice messages for Plaintiff.

26. Due to Defendant's actions, Plaintiff has had the stresses of caring for her disabled child exacerbated by the belligerent calls by Defendant.

27. Due to Defendant's actions, Plaintiff has suffered emotional distress, mental anguish-including sleepless nights, invasion of privacy, and actual damages.

## **FIRST CAUSE OF ACTION**
### **TCPA, 47 U.S.C. § 227** *et seq.*

28. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint as though fully stated herein.

29. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### OFDCPA, OR. REV. STAT. § 646.639 *et seq.*

31. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint as though fully stated herein.

32. Defendant violated the OFDCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated OR. REV. STAT. § 646.639(2)(e) by "communicat[ing] with the debtor …. repeatedly or continuously or at times

known to be inconvenient to that person with intent to harass or annoy the debtor …."

33. Defendant's acts, as described above, were done intentionally with the purpose of annoying or harassing the Plaintiff enough to pay the alleged debt she could not afford.

34. As a result of the foregoing violations of the OFDCPA, Defendant is liable to Plaintiff for actual damages or statutory damages, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### Intrusion Upon Seclusion

35. Plaintiff incorporates by reference paragraphs one (1) through twenty-seven (27) of this Complaint as though fully stated herein.

36. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant after multiple requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

  c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

  d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Tiffany Hopkins, respectfully requests judgment be entered against Defendant Genesis FS Card Services, Inc. for the following:

 A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

 B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3);

 C. Actual damages pursuant to OFDCPA, OR. REV. STAT. § 646.641(1);

 D. Statutory damages of $200.00 pursuant to the OFDCPA, OR. REV. STAT. § 646.641(1);

 E. Costs and reasonable attorneys' fees pursuant to the OFDCPA, OR. REV. STAT. § 646.641(2);

 F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

 G. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 1st day of February 2019.

          By:/s/ *Sharon Cousineau*
          Sharon Cousineau
          *Attorneys for Plaintiff*
          *Tiffany Hopkins*